IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LINDOLFO GALINDO | § | |
| | § | |
| Plaintiff | § | Cause No. 3:17-cv-80 |
| | § | |
| v. | § | |
| | § | |
| JONES MOTOR CO., INC. | § | |
| and RICK RIDGEWAY | § | |
| | § | |
| Defendants. | § | |

**JONES MOTOR CO., INC.'S AND RICK RIDGEWAY'S**
**JOINT NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to sections 1332, 1441, and 1446, Title 28 of the United States Code, Jones Motor Co., Inc. ("Jones Motor") and Rick Ridgeway ("Mr. Ridgeway") respectfully file this Joint Notice of Removal, removing Cause No. 2017DCV0112 from the 327th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division, as follows:

**I.  PROCEDURAL HISTORY**

1. On January 12, 2017, Plaintiff Lindolfo Galindo ("Plaintiff") filed his Original Petition in the 327th Judicial District Court of El Paso County, Texas, Cause No. 2017DCV0112, based on a motor vehicle accident, which occurred in El Paso County, Texas and allegedly resulted in injuries to Plaintiff.

2. In the Original Petition, Plaintiff alleges he is a resident of El Paso County, Texas. *See* Ex. A, State Court Record, Pl's. Orig. Pet. at 1.

3. Plaintiff further alleges Mr. Ridgeway is not a resident of Texas. *See id* at 1-2.

1

4. Plaintiff, however, pleads Jones Motor is a Texas company with its principal office in El Paso, Texas. Jones Motor is a Pennsylvania company with its principal office located in Limerick, Pennsylvania. Ex. B, Note from Pennsylvania Secretary of State; *see also* Jones Motor Main Website, http://www.jonesmotor.com/contact.html. While Jones Motor has a registered agent in Texas, Jones Motor is not a Texas company.

5. Plaintiffs seek damages in excess of $200,000.00, but not more than $1,000,000.00, for past and future medical care expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, past loss of earnings, medical monitoring and preventive medical care, and exemplary damages. Ex. A, Orig. Pet. at 4-5.

6. Both Plaintiff and Defendants have made a request for a jury trial. Ex. A, Orig. Pet at 5; Ex. A, Jones Motor's Ans. at 1; Ex. A, Mr. Ridgeway's Ans. at 1.

7. Mr. Ridgeway and Jones Motor now timely remove this case to federal court.

## II.  GROUNDS FOR REMOVAL

8. Subject matter jurisdiction exists in this case pursuant to section 1332, and therefore, removal of this case to federal court is proper because the amount in controversy is in excess of $75,000 and diversity exists among the parties.

*A.    The Amount in Controversy Is in Excess of $75,000.*

8. Pursuant to section 1332, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a).

9. Plaintiffs seek damages in excess of $200,000.00 (but not more than $1,000,000.00) which is in excess of $75,000.00. Therefore, the amount in controversy is satisfied.

**B.**     ***Total Diversity Exists Among the Parties.***

10.     Diversity of citizenship is assessed at the time the action is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

11.     The citizenship of an individual is based on the individual's domicile. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).

12.     The citizenship of a corporation is its State of incorporation and the State in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

13.     Total diversity of citizenship exists because Plaintiff's citizenship is diverse from the citizenships of Jones Motor and Mr. Ridgeway, in that (1) Plaintiff is a citizen of the State of Texas; (2) Jones Motor is a citizen of the Pennsylvania because it is incorporated in Pennsylvania and has its principal place of business in Pennsylvania; and (3) Mr. Ridgeway is a non-Texas resident who may be served in the State of Washington. Thus, complete diversity exists among the parties.

### III.  PROPER VENUE AND COMPLIANCE WITH THE REMOVAL PROCEDURE

14.     Pursuant to section 1441(a), removal to this Court is proper as the accident occurred in El Paso, Texas. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .").

15.     Removal of this matter to federal court is timely, as Jones Motor and Mr. Ridgeway have removed this matter within thirty (30) days of being served with a copy of Plaintiff's Original Petition, the point at which this matter became removable, *see* 28 U.S.C. § 1446(b), and within one year of the commencement of this action, *see id.* § 1446(c)(1).

16.     Mr. Ridgeway and Jones Motor will properly give Plaintiff written notice of the filing of this Notice of Removal as required by section 1446(d). Mr. Ridgeway and Jones Motor will also

promptly file a copy of this Notice of Removal with the District Clerk of the 327th Judicial District Court of El Paso County, Texas, Cause No. 2017DCV0112.

17. True and correct copies of all process, pleadings, and the Orders served in the State court action are being filed with this Notice of Removal, as required by section 1446(a). *See* Ex. A, State Court Record.

## IV.  PRAYER

Accordingly, Jones Motor Co., Inc. and Rick Ridgeway, pursuant to and in conformity with the requirements set forth in section 1446, respectfully remove Cause No. 2017DCV0112 from the 327th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

        Respectfully submitted,

        RINCON LAW GROUP, P.C.
        1014 N. Mesa, Suite 200
        El Paso, Texas  79902
        (915) 532-6800 (Telephone)
        (915) 532-6808 (Facsimile)

By: /s/ *Oscar A. Lara*
        CARLOS RINCON,
        TX State Bar No. 16932700
        CRincon@rinconlawgroup.com
        OSCAR A. LARA
        TX State Bar No. 24078827
        OLara@rinconlawgroup.com

        *Attorneys for Jones Motor Co., Inc. and*
        *Rick Ridgeway*

## **CERTIFICATE OF SERVICE**

I certify a true and correct copy of the foregoing document was served on the parties through their counsel of record via the Court's electronic service and via email, as follows, on this 17th day of March, 2017:

                                                /s/ Oscar A. Lara
                                                OSCAR A. LARA