# EXHIBIT A

El Paso County - 327th District Court

CIVIL CASE INFORMATION SHEET

Filed 1/12/2017 9:44:03 AM
Norma Favela Barcelea~
District Cler~
El Paso County
2017DCV0112

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>OSCAR MENDEZ JR. | Email:<br>omendez@scherrlegate.com | Plaintiff(s)/Petitioner(s):<br><br>LINDOLFO GALINDO | ☐Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br>109 N. OREGON 12TH FLOOR | Telephone:<br>915-544-0100 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>EL PASO TX 79901 | Fax:<br>915-532-1759 | Defendant(s)/Respondent(s):<br><br>JONES MOTOR CO. INC and<br><br>RICK RIDGEWAY | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: | State Bar No:<br>24058473 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>_____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br>_____<br>☒Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability List Product:<br>_____<br>☐Other Injury or Damage:<br>_____ | ☐Eminent Domain/ Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| | | **Related to Criminal Matters** | | **Title IV-D** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus— Pre-indictment<br>☐Other: | **Other Family Law**<br>☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: | ☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Dice
Deputy

MAR 1 0 2017

Rev. 2/13

Filed 1/12/2017 9:44:03 AM
Norma Favela Barcelea
District Cler
El Paso Count
2017DCV011

|  |  |  |
|---|---|---|
| LINDOLFO GALINDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2017DCV - _____ |
| | § | |
| JONES MOTOR CO., INC., | § | |
| and RICK RIDGEWAY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES LINDOLFO GALINDO (hereinafter referred to as "Plaintiff"),

complaining of JONES MOTOR CO. INC.   (hereinafter called "Defendant JONES MOTOR"),

and RICK RIDGEWAY (hereinafter referred to as "Defendant RIDGEWAY"), and for a cause of

action would respectfully show the Court as follows:

### I.

Pursuant to Rule 190, discovery in this case will be conducted in Level III.

### II.

Plaintiff is a resident of El Paso County, Texas.

Defendant JONES MOTOR CO, INC. is a Texas corporation doing business in El Paso

County, Texas and may be served with process by serving its registered agent UNITED STATES

COP CO, or any other officer or agent therein at 416 Littlefield Building, Austin, Texas 78701

and/or wherever may be found.

Defendant RICK RIDGEWAY is a nonresident of Texas. Defendant is not required to

designate an agent for service of process in the State of Texas. Pursuant to CPRC § 17.061, et. seq.,

the Chairman of the Texas Transportation Commission is an agent for service of process

1

non-resident for this case which grows out of a collision in which the Defendant was involved while operating a motor vehicle in this state.  Service of process may be made in accordance with the Texas Long Arm Statute by serving the Chairman of the Texas Transportation Commission in Austin, Texas, who shall then forward a copy of this petition upon RICK RIDGEWAY, by registered mail, return receipt requested. Defendant's last known address is 146 Kirby Ct. Burbank, WA 99323 and/or where ever he may be found.

### III.

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an occurrence on or about December 11, 2015, in El Paso County, Texas.  At such time and place, Plaintiff was traveling East on Gateway Blvd East.  Defendant RIDGEWAY, in the course and scope of employment with Defendant JONES MOTOR operating a commercial vehicle, couldn't complete a right turn and backed up onto oncoming traffic on Gateway East roadway causing collision with Plaintiff.. Said collision caused substantial physical injuries to the person of Plaintiff.

### IV.

Said collision and Plaintiff's damages were proximately caused by Defendants violations of the laws of the State of Texas and of the United States of America constituting negligence per se.

### V.

Plaintiff alleges that the collision and Plaintiff damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant RIDGEWAY in the course of his employment with Defendant JONES MOTOR:

1.      Failing to obey a traffic control device.

2

2.  Operating a commercial vehicle in the U.S. without qualifying under the Federal Motor Carrier Safety Act.
3.  Failing to yield the right of way to Plaintiff in violation of Tex. Transp. Code Ann §545.151 and §545.153.
4.  Driving reckless in violation of Tex. Transp. Code Ann.§ 545.401.
5.  Failure to keep a proper lookout.
6.  Failing to stop.
7.  Failure to safely apply brakes.
8.  Failure to turn to the left or right to avoid a collision.
9.  Failure to honk and give adequate warning of the pending danger.
10.  Failure to warn of his approach.
11.  Failure to use due care in operating a commercial motor vehicle.
12.  Failure to warn of the dangers.
13.  Failure to pay attention.
14.  Failure to take proper evasive action.
15.  Operating a commercial vehicle in the United States without reasonable qualifications, training, testing and experience.
16.  Operating a commercial vehicle when he was unqualified to do so.
17.  Other acts of negligence.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances.   Each of which acts or omissions was a proximate cause of Plaintiff's damages.

## VI.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant JONES MOTOR.   Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant JONES MOTOR:

1.  Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.
2.  Driving on the railroad tracks.
3.  That on December 11, 2015, Defendant JONES MOTOR was negligent by entrusting the control and operation of its commercial motor vehicle, which was under its control, to Defendant RIDGEWAY.
4.  Allowing Defendant RIDGEWAY to operate its vehicle on the public streets of El Paso County, Texas, and in particular at the location referred to above, when it knew or should have known that Defendant RIDGEWAY was unfit and unskilled to operate the vehicle.

3

5.   Failing to properly train, supervise and educate its drivers.
6.   Failing to properly screen its applicants for driver certification.
7.   Failing to comply with the U.S. Department of Transportation rules and regulations for commercial drivers in permitting Defendant RIDGEWAY to drive.
8.   Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles.
9.   Failing to adequately qualify drivers of its commercial vehicles.
10.  Failure to adequately communicate orders, instructions and directions.
11.  Failure to qualify its drivers in accordance with the Federal Motors Carriers Safety Act.
12.  Failing to maintain its vehicles in accordance with the Federal Motor Carriers Safety Act.
13.  Other acts of negligence.

Each of said acts and omissions of negligence by Defendant JONES MOTOR was other than what a reasonable and prudent company would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of the injuries and damages sustained by Plaintiff.

## VII.

As a direct and proximate result of the occurrence, Plaintiffs' suffered bodily injuries to her neck, back, and other parts of her body. As a further result of the occurrence, Plaintiffs' has incurred expenses for medical care, nursing services, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiffs', and the charges made and to be made were the usual and customary charges for such services. Plaintiffs' will require further medical care, nursing services and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the occurrence, Plaintiffs' was prevented from working and has lost wage earning capacity. Plaintiffs' will continue to suffer a loss of wage earning capacity in the future. As a result of the occurrence, Plaintiff was prevented from performing her household duties and will continue to be unable to perform her household duties in the future.

Plaintiffs' has suffered physical pain and suffering in the past and will continue to suffer physical pain and suffering in the future. Plaintiffs' has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a further result of the occurrence, Plaintiffs' has suffered emotional distress in the past and will continue to suffer emotional distress in the future. As a result of the occurrence, Plaintiffs' has suffered and will continue to suffer impairment to her body. Plaintiffs' has suffered disfigurement.   Plaintiffs' has suffered damages within the jurisdictional limits of this Court. Pursuant to T.R.C.P. 47, Plaintiffs' is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet began and the extent of Plaintiffs' future damages are still being determined. At this early stage of the proceedings, Plaintiffs' requests the jury be fair and reasonable in its determination of actual damages in an amount over $200,000.00 but not more than $1,000,000.00.

## VIII.

### REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose within the time period set forth in Tex. R. Civ. P. 194.3 the information or material described in Rule 194.2(a) - 194.2(l).

## IX.

Plaintiffs' respectfully request a trial by jury of the issues in this case.

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs' prays that Defendants be cited to appear and answer, and that on final trial, Plaintiffs' have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiffs' is entitled.

5

Respectfully submitted,

**SCHERR LEGATE & EHRLICH, PLLC.**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas   79901
(915) 544-0100
(915) 532-1759 (Facsimile)
omendez@scherrlegate.com

*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473

srW:\Galindo, Lindolfo OM-JFS\pleading\Petition\2017-01-12 Original Petition.docx

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

6

MAR 1 0 2017

DISTRICT COURTS
EL PASO COUNTY, TEXAS

El Paso County - 327th District Court

Filed 1/16/2017 11:38:01 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0112

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
327TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| LINDOLFO GALINDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2017DCV-0112 |
| | § | |
| JONES MOTOR CO., INC., | § | |
| and RICK RIDGEWAY, | § | |
| | § | |
| Defendants. | § | |

## REQUEST FOR ADMISSIONS

TO:   JONES MOTOR CO, INC.,

Pursuant to the Texas Rules of Civil Procedure 198, you are required to make a written response to these requests **FIFTY ONE (51) DAYS** after service:

(1) Admit the truth of any matter within the scope of discovery.

(2) Admit the truth of any statements of opinion or of fact or of application of law to fact.

(3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying.

(4) Admit or deny each of the attached requests for admissions.

You are also instructed as follows:

(1) You must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request.

(2) Your response must fairly meet the substance of the request.

(3) You may qualify an answer, or deny a request in part, only when good faith requires.

(4) Lack of information or knowledge is not a proper response unless you state that

1

reasonable inquiry was made but that the information or known or easily obtainable is insufficient to enable the responding party to admit or deny.

(5) An assertion that the request presents an issue for trial is not a proper response.

(6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order.

(7) If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay the cost of proof, including Plaintiff's attorneys.

(8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiffs
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
omendez@scherrlegate.com

/s/ Oscar Mendez, Jr.
**OSCAR MENDEZ JR.**
State Bar No. 24058473



A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

2



MAR 1 0 2017

## REQUEST FOR ADMISSIONS

1.  That on or about the 11th day of December 2015, Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who was driving it and who struck the vehicle the Plaintiffs were driving.

2.  That at the time of the collision, Defendant JONES MOTOR CO., INC. entrusted their vehicle to Defendant RIDGEWAY who was traveling East on Gateway Blvd East El Paso, Texas when a part of Defendant RIDGEWAY'S vehicle became detached striking the vehicle Plaintiff was driving.

3.  That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY and that there were no obstructions to Defendant RIDGEWAY vision.

4.  That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who take sufficient action to avoid the collision.

5.  That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, there was not enough distance between Defendant RIDGEWAY's vehicle and the vehicle the Plaintiff was driving to insure that Defendant RIDGEWAY's vehicle would not collide with the vehicle the Plaintiffs were driving.

6.  That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, Defendant RIDGEWAY did not apply adequate attention to the inspection of on Defendant JONES MOTOR CO, INC., 's vehicle before a part of Defendant RIDGEWAY's vehicle became detached which collided into vehicle the Plaintiffs were driving.

7.  That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY and that this collision was avoidable.

8.  That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY and that this collision was not the result of any sudden and unforeseen emergency.

9.  That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, that Plaintiff's conduct did not contribute to this accident.

10. That Plaintiff properly named Defendant JONES MOTOR CO, INC., in Plaintiff complaint.

3

11.    That Defendant JONES MOTOR CO, INC., entrusted their vehicle a 2005 Green International on December 11, 2015 and was involved in a collision on that date while driving.

12.    That, at the time of the collision, Defendant JONES MOTOR CO, INC., owned the vehicle involved in the collision.

13.    That on the date of the collision, Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who did not have a valid driver's license in the state.

14.    That on the date of the collision, Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY whose driver's license was revoked or suspended.

15.    That on the date of the collision, Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who was violating a restriction placed on his driver's license.

16.    That the condition of the road surface did not contribute to the cause of the collision.

17.    That Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who was driving while intoxicated at the time of the collision.

18.    That the lighting conditions did not contribute to the cause of the collision.

19.    That the weather conditions did not contribute to the cause of the collision.

20.    That a sudden emergency did not contribute to the cause of the collision.

21.    That Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who does not contend the collision was unavoidable.

22.    That no defect or malfunction in the vehicle Defendant JONES MOTOR CO, INC., entrusted to his driver Defendant RIDGEWAY contributed to the cause of the collision.

23.    That Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who does not have normal vision without the use of corrective lenses.

24.    That Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who was not wearing corrective lenses at the time of the collision.

25.    That Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who was under the care of medical practitioner or other practitioner of the healing arts during the month before the collision.

4

26.   That Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who was acting within the course and scope of employment at the time of the collision.

27.   That Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who was acting as an agent for another person or entity at the time of the collision.

28.   That Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who was not injured as a result of the collision.

29.   That on the date of the collision, Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who struck the vehicle the Plaintiffs were driving.

30.   That on the date of the collision, Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who did not maintain a proper lookout while driving his vehicle.

31.   That Defendant RIDGEWAY's failure to maintain a proper lookout immediately before the collision was the proximate cause of Defendant JONES MOTOR CO, INC., 's vehicle striking the vehicle the Plaintiffs were driving.

32.   That Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who was under the influence of drugs or alcohol when the collision occurred.

33.   That Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who had ingested drugs or alcohol within the 24 hours before the collision.

34.   That Defendant JONES MOTOR CO, INC., entrusted their vehicle to Defendant RIDGEWAY who had consumed alcohol within two hours before the collision.

35.   That as a result of this collision, Plaintiff suffered bodily injuries.

36.   That as a result of this collision, Plaintiff has incurred expenses for medical care, nursing services, attention and other expenses.

37.   That as a result of this collision, Plaintiff will require further medical care, nursing services and attention and will necessarily incur reasonable expenses in the future for such medical needs.

38.   That as a result of this collision, Plaintiff was prevented from working and have lost wage earning capacity.

39.   That as a result of this collision, Plaintiff will continue to suffer a loss of earning

capacity in the future.

40. That as a result of this collision, Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future.

41. That as a result of this collision, Plaintiff has suffered physical pain and suffering in the past and will continue to suffer physical pain and suffering in the future.

42. That as a result of this collision, Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future.

43. That as a result of this collision, Plaintiff has suffered and will continue to suffer impairment to his body.

44. That as a result of this collision, Plaintiff has suffered disfigurement.



El Paso County - 327th District Court

Filed 1/16/2017 11:38:01 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0112

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
327TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| LINDOLFO GALINDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2017DCV-0112 |
| | § | |
| JONES MOTOR CO., INC., | § | |
| and RICK RIDGEWAY, | § | |
| | § | |
| Defendants. | § | |

## REQUEST FOR ADMISSIONS

TO:   RICK RIDGEWAY

Pursuant to the Texas Rules of Civil Procedure 198, you are required to make a written response to these requests **FIFTY ONE (51) DAYS** after service:

(1) Admit the truth of any matter within the scope of discovery.

(2) Admit the truth of any statements of opinion or of fact or of application of law to fact.

(3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying.

(4) Admit or deny each of the attached requests for admissions.

You are also instructed as follows:

(1) You must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request.

(2) Your response must fairly meet the substance of the request.

(3) You may qualify an answer, or deny a request in part, only when good faith requires.

(4) Lack of information or knowledge is not a proper response unless you state that reasonable inquiry was made but that the information or known or easily obtainable is

insufficient to enable the responding party to admit or deny.

(5) An assertion that the request presents an issue for trial is not a proper response.

(6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order.

(7) If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay the cost of proof, including Plaintiff's attorneys.

(8)  Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

Respectfully submitted,

SCHERR & LEGATE, PLLC
Attorneys for Plaintiffs
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
omendez@scherrlegate.com

/s/ Oscar Mendez, Jr.
OSCAR MENDEZ JR.
State Bar No. 24058473

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY_____ Deputy



MAR 1 0 2017

## REQUEST FOR ADMISSIONS

1. That on or about the 11th day of December 2015, the vehicle Defendant RIDGEWAY was driving struck the vehicle the Plaintiffs were driving.

2. That at the time of the collision, Defendant RIDGEWAY was traveling westbound on Gateway Blvd East in El Paso, Texas, when a part of Defendant RIDGEWAY's vehicle became detached striking the vehicle Plaintiffs were driving.

3. That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, there were no obstructions to Defendant RIDGEWAY's vision.

5. That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, Defendant RIDGEWAY did not see the vehicle the Plaintiffs were driving with enough time to take sufficient action to avoid the collision.

6. That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, there was not enough distance between Defendant RIDGEWAY vehicle and the vehicle the Plaintiffs were driving to insure that Defendant's vehicle would not collide with the vehicle the Plaintiff was driving.

7. That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, Defendant RIDGEWAY did not apply the brakes on the vehicle before Defendant JONES MOTOR CO, INC.'s vehicle collided with the vehicle the Plaintiff was driving.

8. That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, Defendant RIDGEWAY did not apply the brakes on the vehicle with enough time to insure that Defendant JONES MOTOR CO, INC's vehicle would not collide with the vehicle the Plaintiff was driving.

9. That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, you did not yield the right of way to the vehicle the Plaintiff was operating.

10. That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, that this collision was avoidable.

11. That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, that this collision was not the result of any sudden and unforeseen emergency.

12. That on the date stated in Request No. 1, and at the time of the collision made the basis of this suit, that Plaintiff's conduct did not contribute to this accident.

13. That Plaintiff's properly named Defendant RIDGEWAY, in Plaintiff's original complaint.

14. That Defendant RIDGEWAY was driving a 2005 Green International Wrecker on December 11, 2015, and was involved in a collision on that date while driving.

15. That, at the time of the collision, Defendant JONES MOTOR CO, INC. owned the vehicle involved in the collision.

16. That, on the date of the collision, Defendant RIDGEWAY did not have a valid driver's license in the state.

17. That, on the date of the collision, Defendant RIDGEWAY driver's license was revoked or suspended.

18. That, on the date of the collision, Defendant RIDGEWAY was violating a restriction placed on his driver's license.

27. That the condition of the road surface did not contribute to the cause of the collision.

28. That Defendant RIDGEWAY was driving while intoxicated at the time of the collision.

29. That the lighting conditions did not contribute to the cause of the collision.

30. That the weather conditions did not contribute to the cause of the collision.

31. That a sudden emergency did not contribute to the cause of the collision.

32. That Defendant RIDGEWAY does not contend the collision was unavoidable.

33. That no defect or malfunction in the vehicle Defendant RIDGEWAY was driving contributed to the cause of the collision.

34. That Defendant RIDGEWAY does not have normal vision without the use of corrective lenses.

35. That Defendant RIDGEWAY was not wearing corrective lenses at the time of the collision.

36. That Defendant RIDGEWAY was under the care of medical practitioner or other practitioner of the healing arts during the month before the collision.

37. That Defendant RIDGEWAY was acting within the course and scope of Defendant RIDGEWAY's employment at the time of the collision.

38. That Defendant RIDGEWAY was acting as an agent for another person or entity at the time of the collision.

39. That Defendant RIDGEWAY was not injured as a result of the collision.

4

40.   That on the date of the collision, Defendant RIDGEWAY was operating Defendant JONES MOTOR CO, INC's vehicle on Interstate 10 in El Paso, Texas.

41.   That on the date of the collision, Defendant JONES MOTOR CO, INC's vehicle struck the vehicle the Plaintiff was driving.

42.   That on the date of the collision, Defendant RIDGEWAY did not maintain a proper lookout while driving his vehicle.

43.   That Defendant RIDGEWAY was under the influence of drugs or alcohol when the collision occurred.

44.   That Defendant RIDGEWAY had ingested drugs or alcohol within the 24 hours before the collision.

45.   That Defendant RIDGEWAY had consumed alcohol within two hours before the collision.

46.   That Defendant RIDGEWAY was not qualified to operate a Commercial Motor Vehicle on the date of the incident.

47.   That as a result of this collision, Plaintiff suffered bodily injuries.



Filed 1/16/2017 11:38:01 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0112

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
327TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| LINDOLFO GALINDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2017DCV-0112 |
| | § | |
| JONES MOTOR CO., INC., | § | |
| and RICK RIDGEWAY, | § | |
| | § | |
| Defendants. | § | |

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND THINGS TO DEFENDANTS AND PRIVILEGE LOG**

TO:    ALL DEFENDANTS.

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action. Furthermore pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and/or control by **10:00 a.m. FIFTY ONE (51) DAYS**

**AFTER SERVICE AT:**

**SCHERR & LEGATE, PLLC.**
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies.

1

substituted.     Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3(c).

Further you are hereby required to respond and supplement this Request as mandated by Rule 193.  If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiffs will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

2

You are hereby put on notice to produce to Plaintiffs pursuant to Tex. R. Evidence 609 all evidence of any witness listed.

**PRIVILEGE LOG:**  Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiffs requests that Defendants identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done **fifty one (51) days** after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiffss
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile

/s/ Oscar Mendez, Jr.
**OSCAR MENDEZ JR.**
State Bar No. 24058473

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

3



MAR 10 2017

## ITEMS TO BE PRODUCED

1. All contracts, specifications, bids, work orders, invoices, logs, bills of loading, and reports concerning the load Defendant RIDGEWAY was driving at the time of this incident.

2. All rules, regulations and standards (including federal, state, governmental, contractual and company) relating to the job in question.

3. Inspection and photographing of the tractor-trailer involved in the occurrence made the subject of this suit.

4. Contracts, agreements, notes or memorandum concerning Defendant RIDGEWAY and the load he was delivering.

5. All maintenance records, receipts, invoices, and reports concerning the tractor and trailer made the subject of this suit.

6. All records, notes, telephone memos, dispatch records, driver logs, and work logs concerning the load and job in question.

7. The Declaration Sheet and policy of insurance insuring Defendant RIDGEWAY in this claim.

8. Any photographs, drawings, sketches, video recordings, motion pictures, tapes, recordings, graphic depictions or other tangible evidence concerning the tractor and/or trailer and scene of the occurrence involved in this case or the parties or witnesses to this case.

9. All statements made by any person concerning this incident.

10. All estimates, work orders, invoices, contracts, inspection reports and pictures of the tractor and trailer made the subject of this suit.

11. All investigation reports, incident reports, accident reports, statements by witnesses (oral or recorded) concerning the incident.

12. The incident report made by Plaintiffs.

13. Any documents showing the names, address, qualifications and phone number of all expert witnesses who you will be called to testify or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. Produce any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind of either expert witness who will testify in this case or whose work product forms a basis of either

4

whole or in part of the opinion of an expert who is to be called as an expert. If the discoverable factual observations, test, supporting data, calculations, photographs or opinion of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

14.     Any statements, reports, correspondence or records made by Defendant, Plaintiffs or any other Defendant (other than this Defendant), its employees, agents or representatives of such parties, or any other company involving the claim made the subject of this suit, whether written or oral.

15.     For each claim filed against you where it was alleged that you were negligent or due to faulty equipment, employee negligence, provide the following information:

a.      Copy of all incident reports, accident reports and investigative files.
b.      Copies of all pleadings, judgment and settlements thereon.

16.     All medical records of Plaintiffs received by Defendant.

17.     All documents indicating ownership of the tractor and trailer involved in this accident.

18.     All documents indicating who drove, maintained, or had possession of the tractor-trailer involved in this incident within 30 days of Plaintiffs' incident.

19.     All incident reports for the incident involving Plaintiffs.

20.     All documents obtained pursuant to any authorization signed by Plaintiffs.

21.     All documents concerning any alleged criminal violation committed by Plaintiffs.

22.     All photographs or video recordings taken by Defendant in response to Plaintiffs' alleged injuries including, but not limited to, all videos or photographs taken by any private investigator for which Defendant has access to the photographs or video recordings.

23.     All physical models and all other exhibits which may be used at trial by any witness, either expert or lay.

24.     Any and all photographs, movies, electronic or video recordings or other representations which propose to depict any of the following: the scene of the occurrence; the tractor and trailer made the basis of this lawsuit; the Plaintiffs or re-creation of the incident or any part thereof.

25.     Any complaint, correspondence or notice concerning the trip Defendant RIDGEWAY was driving at the time of the incident.

5

26. Any chart, graph, photograph, reports, correspondence, communication, symbol, recording, tape, picture, document, agreement or other tangible evidence you will offer into evidence in this case.

27. Any and all files, reports, notes, resumes, pictures, statements or other written materials of any kind from any expert witness who you or your attorney may call or testify in this case.

28. All safety manuals for your drivers.

29. Any nurse's notes made for the injury in question, subject to your control.

30. Any safety booklet for the job Defendant RIDGEWAY was doing at the time of the incident.

31. Your entire claim file pertaining to any investigation of the occurrence made the basis of this case which were taken prior to your notice of Plaintiffs' claim hereon.

32. Any documents showing the acts or omissions of any party responsible in any way for the injury to Plaintiffs.

33. All requests for the purchase of the tractor and trailer at issue.

34. Pursuant to Texas Rules of Evidence 609, please provide any information you have which suggests Plaintiffs(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction/disposition, and if probation was imposed, please state if the probation was successfully completed.

35. Any excess/umbrella insurance coverage which may be used to satisfy a judgment, if any, in this case.

36. Any check list for safety of this tractor/trailer from December 11, 2015 to December 11, 2016.

37. All maintenance records of the tractor-trailer Defendant RIDGEWAY was driving at the time of the incident.

38. All freight tickets for the tractor trailer involved in this incident for December 11, 2015.

39. All weight tickets for the tractor trailer involved in this incident for December 11, 2015.

40. Complete personnel file of Defendant RIDGEWAY including but not limited to driver qualification file, logs, driver records checks, safety reviews and/or FMCSR file.

41.     Any correspondence, memorandum or reports from any other person concerning the occurrence or injury involving Plaintiff.

42.     Any safety video shown to your drivers.

43.     Any written policies concerning maintenance of your tractor-trailer.

44.     Complete OSHA file on this incident.

45.     Tangible evidence of your financial net worth.

46.     Correspondence and communications with any insurance company on this claim.

47.     All medical records of Plaintiff received from any source.

48.     All correspondences sent by Defendant and their representatives to Plaintiff's health care providers.

49.     All correspondences sent by Defendant and their representatives to Plaintiff's past employers.

50.     All written information and correspondences from Plaintiff's healthcare provider.

51.     All written information and correspondences from Plaintiff's past employers.

52.     Any employment agreement, contract or agreement regarding your relationship with Defendant RIDGEWAY.

53.     Driver Qualification file maintained on Defendant RIDGEWAY as required by Federal Motor Carrier Regulations Part 391.51.

54.     Complete Driver Qualification File for Defendant RIDGEWAY.

55.     Complete driver duty status file on Defendant RIDGEWAY.

56.     Employment application of Defendant RIDGEWAY complying with Federal Motor Carrier Regulations Part 391.21.

57.     Copies of Defendant RIDGEWAY's driver record(s) obtained in response to inquiries to each State driver record agency required by Federal Motor Carrier Regulations Part 391.23(a)(1) and placed in Defendant RIDGEWAY'S driver qualification file.

58.     Copies of all documents evidencing this Defendant's investigation into Defendant RIDGEWAY's prior employers.

7

59. Copies of all documents evidencing this Defendant's investigation of Defendant RIDGEWAY's safety performance history with Department of Transportation regulated employers during the preceding three years of when Defendant RIDGEWAY commenced employment with this Defendant in compliance with Federal Motor Carrier Regulations Part 391.2(a)(2).

60. All documents evidencing annual inquiry and reviews of Defendant RIDGEWAY's driving record in compliance with Federal Motor Carrier Regulations Part 391.25.

61. All Driver's Certifications of Records of Violations kept for Defendant RIDGEWAY in compliance with Federal Motor Carrier Regulations Part 391.27.

62. All "Certification of Road Test" documents or substantially similar documents evidence any and all road tests given to Defendant RIDGEWAY prior to being allowed to drive for this Defendant in compliance with Federal Motor Carrier Regulations Part 391.31.

63. Copy of Defendant RIDGEWAY's Commercial Driver's License.

64. Copy of Defendant RIDGEWAY's Medical Examiner's Certificate qualifying Defendant RIDGEWAY to operate a commercial motor vehicle during the time of this incident.

65. Copy of all pre and post accident drug tests for Defendant RIDGEWAY following this incident.

66. Copy of all pre and post accident alcohol tests for Defendant RIDGEWAY following this incident.

67. Copy of all DAC reports received for Defendant RIDGEWAY prior to allowing him to drive your commercial motor vehicle.

68. Copies of your commercial license issued by any state or governmental entity.

69. Any operator manual or handbook for your drivers.

70. Bills of lading, trip records, invoices and load documents and description and any contracts therein for the trip in question.

71. Dispatcher's records concerning the trip in question and any report of accident.

72. Any report to the State of Texas, ICC or DOT concerning this incident.

73. Time records, driving log of driver for the 4 weeks preceding and including December 11, 2015.

74. A copy of the title to the vehicle being driven by this Defendant at the time in question.

8

75.   Any and all documents reflecting any disciplinary action for this incident taken against this Defendant by any governmental agency.

76.   Copy of the driver investigation history file on Defendant RIDGEWAY in compliance with Federal Motor Carrier Regulations Part 391.53.

77.   Copy of your application for operating authority (Form OP-1 or OP-2).

78.   Copy of your completed Motor Carrier Identification Report, Form MCS-150 filed with the FMCSA's Office of Data Analysis and Information Systems in compliance with Federal Motor Carrier Regulations Part 390.19.

79.   Copy of your completed Safety Certification for Application for U.S. DOT Number, Form MCS-150A filed with the U.S. Department of Transportation Federal Motor Carrier Safety Administration.

80.   Copy of your completed Combined Motor Carrier Identification Report and Hazardous Material Permit Application, Form MCS-150B filed with the U.S. Department of Transportation Federal Motor Carrier Safety Administration.

81.   All statements made by Plaintiffs.

82.   All estimates, work orders, salvage estimates, maintenance records and pictures of the tractor-trailer involved in the incident made the subject of this suit.

83.   Any suspensions, revocations, or notice thereof, and all related documents concerning Defendant RIDGEWAY'S license to operate motor vehicles.

84.   Any union contracts concerning the driver of the vehicle in this collision.

85.   Any and all electronic or magnetic data concerning any of the items requested in any request for production served upon Defendant, in the specific form of printed material pursuant to Texas Rules of Civil Procedure 196.4.

86.   All Qualcom records on this truck for date of this incident.

87.   All Data Com records on this driver and truck for a period beginning 30 days prior t, up to and including, the date of this incident.

88.   All Load records on this truck for a period beginning 30 days prior to, up to and including, the date of this incident.

89.   All Black Box information contained therein (reduced to print form) beginning 30 days prior to, up to and including, this incident.

90.   DDEC unit and all information contained therein (reduced to print form) for this truck beginning 30 days prior to, up to and including, this incident.

91.   Dispatcher's report and log for this truck an driver for a period beginning 30 days prior to, up to and including, the date of this incident.

92.   Safety performance history obtained from prior employers as required by §391.53 of the FMCSA.

93.   MCS 150 forms as required by Motor Carrier Status.

94.   All documents discussing the mechanical breakdown of the tractor-trailer involved in this incident.

95.   The entire claim file of the investigation sent to Plaintiff's house after this incident.

96.   All repair records for the mechanical breakdown of Defendant's tractor-trailer had on December 11, 2015.

97.   All documentation and statements on fuel usage for a period of 30 days prior to and including date of this incident involving the truck driven by RIDGEWAY in this incident.

98.   Settlement statements related to Independent Contractor for the month in question

99.   JONES MOTOR Safety Information Guide

100.  JONES MOTOR's drivers logs for week of the accident for RIDGEWAY

101.  JONES MOTOR's operating agreement with DZT, Inc.

102.  JONES MOTOR's driver's Qualification File for RIDGEWAY

103.  JONES MOTOR's independent Contractor's Contractor (DZT) File

104.  JONES MOTOR's bills of lading, trip records, invoices and load documents and description and any contracts therein for the trip in question.

105.  JONES MOTOR's Vehicle Maintenance File.



10

El Paso County - 327th District Court

Filed 1/16/2017 11:38:01 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0112

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
327TH JUDICIAL DISTRICT

LINDOLFO GALINDO, §
§
    Plaintiff, §
§
vs. §        Cause No. 2017DCV-0112
§
JONES MOTOR CO., INC., §
and RICK RIDGEWAY, §
§
    Defendants. §

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AND PRIVILEGE LOG

TO:   RICK RIDGEWAY

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified under oath by the persons making them as true and correct. You are to respond to these interrogatories **FIFTY ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, or any part thereof, you shall serve your objection upon Plaintiffs in writing within **FIFTY ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rules of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiffs will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form any information that exists in electronic or magnetic data

1

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

**PRIVILEGE LOG:**  Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51) DAYS** after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiffs
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile

*/s/ Oscar Mendez, Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____
                    Deputy

2

MAR 1 0 2017

## INTERROGATORIES

1.   State your name, address, telephone number, social security number, date and place of birth, and educational background.

2.   Describe your employment status at the present time and at the time of the incident, job title and job description, date of commencement and/or termination of employment and salary at such time.

3.   On the date of the incident, describe the vehicle you were driving. If you will, please include information on ownership and the operating condition of the vehicle. State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

4.   Were you working in the course and scope of your employment at the time of the incident?

5.   Did you give a statement to anyone regarding the incident and if so, indicate the name, address and telephone number of the person to whom you gave the statement, contents of the statement, and if you gave more than one statement, give the same information regarding each statement.

6.   Describe the incident and each act or omission of each person in the incident. Do not answer each subcategory separately, but please direct your attention to the following details in answering this interrogatory:

   A.   Please state everything that you did, in the order in which it was done, in an attempt to avoid the incident. If you applied the brakes or horn at any time prior to the incident, please state as to your motor vehicle, the speed and the approximate distance in feet from the point of the incident when you so applied the brakes or horn, stating what was used. If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.

   B.   Please state everything Plaintiffs did or failed to do, which contributed to the incident.

   C.   If there were any obstructions to the view of Defendant at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

   D.   If at the time and place of the incident the visibility of the highway was in any way decreased from normal in any way due to glare, design, obstacles, weather or other

3

condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

E.     If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

7.     State in detail any damages you claim to have sustained from the incident.

8.     Describe any citation, arrest, claim or other charge that may have been issued you as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty imposed.

9.     State any drug or alcohol taken or consumed by you within 72 hours of the incident and any regular drug the driver of the vehicle had taken at any time within the past year. If alcohol was taken, include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol, the exact name and brand of alcohol, the alcoholic content, type of alcohol, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning consumption of alcohol.

10.    Describe any other accidents, incidents, license suspension or revocation or traffic citations you have been involved in. Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising there from, including the details of driver's license suspension or revocation actions, if any.

11.    Please give the name and address of anyone (except an expert who will not testify at trial) who took or prepared the following photographs or videotapes that you possess or control, your attorney possesses or controls, or any agent of you or your attorney possesses or controls:

a.     Photographs or videotapes showing any injury alleged to have been caused by the incident mentioned in the complaint; and Photographs or videotapes showing the Plaintiff;
b.     State the number of photographs taken.
c.     State the date when each photograph was taken.
d.     State the name, address and phone number of person conducting any type of surveillance of Plaintiff's.

12.    Please state all of your driver's license numbers, states of issuance, expiration dates, any other states you are or have been licensed to operate a motor vehicle, and driver's license

4

numbers for those states, the date you were first licensed to drive, and any date your license was suspended or not renewed.

13. Please state the date you were first licensed to drive, and any date your license was suspended or not renewed.

14. Please state whether you have taken Defensive Driving. Please include the date and location of such course and the reason(s) such course(s) was/were taken.

15. State the names, addresses and phone numbers of all persons in the vehicle with you at the time of the incident.

16. State your cell phone number, provider and phone number at the time of this occurrence and any persons who you talked to within 20 minutes of this incident.

17. Where you using your cell phone at the time when the incident happened?

18. Please state any restrictions that are placed on your ability to drive (e.g. corrective lenses).

19. If you are alleging that Plaintiff did anything wrong to cause this accident, please describe what you feel Plaintiff did wrong.

20. If you have been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information.
    a.   The offense(s) for which you were convicted.
    b.   The state(s) and date(s) of any such conviction(s).
    c.   A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

   **PURSUANT TO TEX. R. EVID. 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

   **PURSUANT TO TEX. R. EVID. 609 (f), THIS IS SERVES AS TIMELY WRITTEN REQUEST THAT YOU PROVIDE ADVANCE WRITTEN NOTICE OF YOUR INTENT TO USE EVIDENCE OF ANY CRIMINAL CONVICTION OF THE PLAINTIFF, DEFENDANTS, OR ANY WITNESS IDENTIFIED IN THIS LAWSUIT, INCLUDING EXPERT AND CONSULTING WITNESSES AT THE TRIAL OF THIS LAWSUIT.**

21. State the names, addresses and phone number of all persons who you will call to testify and a summary of their testimony.

5

El Paso County - 327th District Court

Filed 1/16/2017 11:38:01 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0112

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
327TH JUDICIAL DISTRICT

LINDOLFO GALINDO,                        §
                                         §
    Plaintiff,                           §
                                         §
vs.                                      §        Cause No. 2017DCV-0112
                                         §
JONES MOTOR CO., INC.,                   §
and RICK RIDGEWAY,                       §
                                         §
    Defendants.                          §

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT AND REQUEST FOR PRIVILEGE LOG

TO:    JONES MOTOR CO., INC.

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified under oath by the persons making them as true and correct. You are to respond to these interrogatories **FIFTY ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, or any part thereof, you shall serve your objection upon Plaintiffs in writing within **FIFTY ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rules of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiffs will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form any information that exists in electronic or magnetic

1

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

**PRIVILEGE LOG:** Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51) DAYS** after date hereof.

Respectfully submitted,

SCHERR & LEGATE, PLLC
Attorneys for Plaintiffs
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
omendez@scherrlegate.com

*/s/ Oscar Mendez, Jr.*
OSCAR MENDEZ JR.
State Bar No. 24058473

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

2



MAR 1 0 2017

## INTERROGATORIES

1.  Describe this Defendant. Please include information on the State of Incorporation, all locations at which it does business in Texas, net worth, and the name and address of the officers and directors thereof.

2.  Describe your safety program for the equipment in question. Include the rules and regulations for safe operation of the equipment in question.

3.  Please describe how the alleged occurrence happened, giving all events in detail in the order in which they occurred, and the acts of omissions of each person, firm or entity you claim is negligent herein.

4.  Describe your policy, procedure and duties for safety on the job in question. Include the name, address and phone number of the custodian of records of safety logs, procedures, manuals and inspection reports.

5.  Please state whether and what assistance was rendered to Plaintiffs immediately after Plaintiffs alleged occurrence, particularly with regard to the physical condition of Plaintiffs (any obvious signs of bleeding, bruises, cuts or other physical injury), the emotional and mental condition of Plaintiff (crying, talking, complaining of pain or otherwise mentally disturbed), and the appearance of Plaintiff's clothing (disarranged, torn, dirty or otherwise).

6.  Describe any condition, defect or object on the equipment which caused Plaintiffs injuries, including any efforts on your part to protect against or remove same, including subsequent remedial work.

7.  Prior to the alleged occurrence, state whether you or any agent or employee of yours had any knowledge of the existence of any condition in or on the equipment involved in Plaintiffs occurrence, including how you or any agent or employee of yours acquired such knowledge and how long the condition or defect had been present prior to the alleged occurrence.

8.  Describe any examination, investigation or inspection made by you or any agent or employee of yours of the equipment involved in Plaintiff's occurrence, including the date and time of day of such examination, investigation or inspection, the identification, including the name and address of the person or persons making such examination or inspection, the complete details of what such examination, investigation or inspection consisted, the complete details of what such examination, investigation or inspection revealed or showed, and the complete details of each and every activity done or undertaken by you or any agent or employee of the Defendant as a result of any condition or circumstance disclosed by such examination.

9.  Describe any insurance (or other plan) covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of

3

insurance company, policy number and whether such policy was in effect and paid at the time of the occurrence.

10. Describe all instructions and details you gave to Defendant RIDGEWAY prior to the incident for safety on the job, the condition of the job and particularly the area in question, the equipment.

11. Please state in detail each act or omission by each person which you contend contributed to cause the alleged occurrence.

12. Please give the substance of any and all conversations, communications or statement made by you or any agent or employee of any Defendant relative to the alleged occurrence.

13. With regard to the equipment made the basis of this lawsuit state the following:

   a. The name, address and telephone number of the person, firm and organization that designed it;
   b. The name, address and telephone number of the person, firm and organization that manufactured it;
   c. The name, address and telephone number of the person, firm and organization that sold and installed it;
   d. The name, address and telephone number of the person, firm and organization who inspected it;
   e. The name, address and telephone number of the person, firm and organization who repaired it;
   f. The name, address and telephone number of the person, firm and organization who sold it to Defendant;
   g. The date it was placed into operation;
   h. Describe in detail all modifications and changes, the date of same, and the reason therefore.

14. State the name, address and phone number of each person who you will call to trial and a summary of their expected testimony.

15. What is your understanding of how the gear box became detached from your tractor-trailer.

16. Please provide the name, address, and telephone number of the entity that repaired your tractor-trailer after this incident.



4

El Paso County - 327th District Court

Filed 1/16/2017 11:38:01 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0112

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
327TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| LINDOLFO GALINDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2017DCV-0112 |
| | § | |
| JONES MOTOR CO., INC., | § | |
| and RICK RIDGEWAY, | § | |
| | § | |
| Defendants. | § | |

## JURY REQUEST

On this the 13th day of January, A.D. 2017, the Plaintiff having demanded a jury, it is hereby ordered that the above styled and numbered cause be placed upon the jury docket on payment of the jury fee herein.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsimile)
omendez@scherrlegate.com

_/s/ Oscar Mendez, Jr._
**OSCAR MENDEZ JR.**
State Bar No. 24058473

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

MAR 1 0 2017

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **RICK RIDGEWAY,** who may be served with process by serving the Chairman of the Texas Transportation Commission in Austin, Texas, who shall then forward a copy of this petition upon RICK RIDGEWAY, by registered mail, return receipt requested. Defendant's last known address is **146 KIRBY CT, BURBANK, WA  99323 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 12th day of January, 2017 by Attorney at Law, OSCAR MENDEZ, JR., 109 N OREGON 12TH FLOOR, EL PASO, TX 79901 in this case numbered **2017DCV0112** on the docket of said court, and styled:

**LINDOLFO GALINDO**
**VS**
**JONES MOTOR CO., INC. AND RICK RIDGEWAY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendants, Jury Request, Plaintiff's Request for Production of Documents and Things and Plaintiff's Request for Admissions accompanying this citation and made a part hereof.
The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.
Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 16th day of February, 2017.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas
By:   _Erica Romero_   Deputy
Erica Romero

Rule 16 "This citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the
date of delivery endorsed thereon and with a copy of the petition attached thereto."

**A TRUE COPY, I CERTIFY**
**NORMA FAVELA BARCELEAU**
District Clerk
By:   Deputy

## RETURN

Came on hand on _____ day of _____, 20_____, at _____ o'clock _____.M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendants, Jury Request, Plaintiff's Request for Production of Documents and Things and Plaintiff's Request for Admissions, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ـــــ cop ـــــ $ _____   _____ Sheriff

_____ County, Texas

Total _____ $ _____   By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

El Paso County - 327th District Court

Filed 3/13/2017 9:12:46 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0112

IN THE 327TH JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| LINDOLFO GALINDO | § | |
| | § | |
| Plaintiff | § | Cause No. 2017DCV0112 |
| | § | |
| v. | § | |
| | § | |
| JONES MOTOR CO., INC. | § | |
| and RICK RIDGEWAY | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT JONES MOTOR CO., INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE LINDA CHEW:

Defendant Jones Motor Co., Inc. ("Jones Motor") now files its Original Answer to Plaintiff's Original Petition respectfully showing the Court as follows:

### I.  General Denial

1.       Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Jones Motor denies each and every, all and singular, allegations contained in Plaintiff's Original Petition (including any other supplemental or amended petitions subsequently filed), and respectfully requests Plaintiff be required to prove his claims by a preponderance of the credible evidence as required by Texas law.

### II.  Request for Jury Trial

2.       Jones Motor requests a jury trial.

*<Signature Page Follows>*

1



Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 N. Mesa, Suite 200
El Paso, Texas  79902
(915) 532-6800
(915) 532-6808 (facsimile)

By:   /s/ Oscar A. Lara
        CARLOS RINCON
        Texas State Bar No. 16932700
        E-mail: CRincon@rinconlawgroup.com
        OSCAR A. LARA
        Texas State Bar No. 24078827
        E-mail: OLara@rinconlawgroup.com

        Attorneys for Jones Motor Co., Inc.

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document was served on the parties through their counsel of record via the Court's electronic service and via email, as follows, on this 13th day of March, 2017:

        /s/ Oscar A. Lara
        OSCAR A. LARA

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY_____
                     Deputy
MAR 1 3 2017

El Paso County - 327th District Court

Filed 3/13/2017 9:12:46 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0112

IN THE 327TH JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| LINDOLFO GALINDO | § | |
| | § | |
| Plaintiff | § | Cause No. 2017DCV0112 |
| | § | |
| v. | § | |
| | § | |
| JONES MOTOR CO., INC. | § | |
| and RICK RIDGEWAY | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT RICK RIDGEWAY'S ORIGINAL ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE LINDA CHEW:

Defendant Rick Ridgeway ("Mr. Ridgeway") now files his Original Answer to Plaintiff's

Original Petition respectfully showing the Court as follows:

### I.  General Denial

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Mr. Ridgeway denies each

and every, all and singular, allegations contained in Plaintiff's Original Petition (including any

other supplemental or amended petitions subsequently filed), and respectfully requests Plaintiff

be required to prove his claims by a preponderance of the credible evidence as required by Texas

law.

### II.  Request for Jury Trial

2.     Mr. Ridgeway requests a jury trial.

*<Signature Page Follows>*

1



Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 N. Mesa, Suite 200
El Paso, Texas  79902
(915) 532-6800
(915) 532-6808 (facsimile)

By:    /s/ Oscar A. Lara
        CARLOS RINCON
        Texas State Bar No. 16932700
        E-mail: CRincon@rinconlawgroup.com
        OSCAR A. LARA
        Texas State Bar No. 24078827
        E-mail: OLara@rinconlawgroup.com

        Attorneys for Rick Ridgeway

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document was served on the parties through their counsel of record via the Court's electronic service and via email, as follows, on this 13th day of March, 2017:

        /s/ Oscar A. Lara
        OSCAR A. LARA

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY_____ Deputy
MAR 1 3 2017

DISTRICT COURTS
EL PASO COUNTY, TEXAS